IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAVEON SHELTON                                                                                          PLAINTIFF

v.                              Civil No. 1:24-cv-01051-SOH-BAB

SHERIFF RICKY ROBERTS; and
JAIL ADMINISTRATOR LISA WORLEY                                              DEFENDANTS

### REPORT AND RECOMMENDATION

Plaintiff, Javeon Shelton, currently an inmate of the Union County Criminal Justice Facility, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

Plaintiff filed his original Complaint on August 8, 2024. (ECF No. 1). Plaintiff filed his completed Motion for Leave to Proceed *in forma pauperis* ("IFP Application") on August 19, 2024. (ECF No. 5). The Court granted Plaintiff's IFP Application on the same day. (ECF No. 6).

In his Complaint, Plaintiff makes two claims against two Defendants: Sheriff Rickey Roberts and Jail Administrator Lisa Worley, both of Union County. (ECF No. 1, pp. 2-3). In Claim One, Plaintiff Claims Defendant Roberts violated his constitutional rights through the conditions of confinement of being housed with federal inmates that assaulted him. (ECF No. 1, p. 4). Specifically, Plaintiff alleges:

> Numerous federal inmates assaulted me on 7/12/2024 in Union County Jail in C-Dorm to where several inmates held me while a federal inmate assaulted me with a lunch tray and causing my skull to be cracked and no charges where filed on those inmates. Union County Jail should have ask if I wanted to press charges on them to no avail. I was victimize by federal inmates to where I couldn't see or feel my hands, behind being press down by numerous inmates when maliciously tried to kill me and Im filing this to Mr. Ricky Roberts because of the lack of care and concern shown about my crack skull and injured body. Lisa Worley played a role for lack of proper staff working to cover this situation a hand.

(ECF No. 1, pp. 4-5) (errors in original). Plaintiff also alleges an official capacity claim against Defendant Roberts based on the "lack of security and lack of concern because nothing has been done that I know of to the federal inmates that cause these injury and dismay to my life." *Id.* at 5.

In Claim Two, Plaintiff claims Defendant Worley violated his constitutional rights through his conditions of confinement because of "the lack of staff members and proper work [patrol] taught to deal with this type of situation." *Id*. at 6. Plaintiff goes on to allege Defendant Worley does not pay proper attention to her staff which resulted in Plaintiff's attack. *Id.* Plaintiff also alleges an official capacity claim against Defendant Worley for the lack of staff and "lack of concern." *Id.* at 7.

Plaintiff requests both compensatory and punitive damages, and he also seeks injunctive relief through charges on the CCCJF staff and federal inmates. *Id.* at 9.

## II. APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). )). Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

3

### III. DISCUSSION

Plaintiff has sufficiently stated a claim upon which relief may be granted against Defendant Worley. However, he has failed to state a claim upon which relief can be granted against Defendant Roberts.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Lastly, Defendant must have been personally involved and caused the violation alleged. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). Plaintiff makes no allegations regarding how Defendant Roberts caused the conditions of which he complains—lack of safety and security from federal inmate attack.

Moreover, to the extent Plaintiff names Defendant Roberts because he is the Sheriff of Union County, his claim must fail as a matter of law. As Sheriff, Defendant Roberts is only liable for his own conduct and cannot be held accountable for the misbehavior of his agents under a theory of *respondeat superior* or supervisor liability. *Whitson v. Stone County Jail,* 602 F.3d 920, 928 (8th Cir.2010). However, a supervisor may be found liable under Section 1983 if he is aware of "a substantial risk of serious harm" even if he is not aware that the harm has actually occurred.

*Kahle v. Leonard,* 477 F.3d 544, 552 (8th Cir.2007) (citing *Farmer v. Brennan,* 511 U.S. at 842). To establish supervisor liability, the plaintiff must show a failure to train or supervise caused his injury. *Moore v. City of Desloge,* 647 F.3d 841, 849 (8th Cir.2011). The Eighth Circuit Court of Appeals has stated, "[t]he supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye [to it]." *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir.1995). "The question of whether the official knew of the risk is subject to demonstration, like any other question of fact, by inference from circumstantial evidence." *Spruce v. Sargent,* 149 F.3d 783, 786 (8th Cir.1998). Therefore, if the plaintiff presents evidence of "very obvious and blatant circumstances" showing the supervisor knew of the risk of harm to him, then the fact finder may infer that the supervisor "must have known" of the risk. *Id.* Plaintiff did not allege any facts regarding Defendant Robert's failure to train or supervise.

To the extent Plaintiff is alleging a claim related to Defendant Roberts failure to press charges against the attacking inmates, that claim fails as a matter of law. Plaintiff has no constitutional right to have law enforcement officials investigate a reported crime. *See Brown v. Hickman*, 2015 WL 1097392, *6-7 (Mar. 11, 2015) (citing to *Sheets v. Mullins*, 287 F.3d 581 (6th Cir. 2002)).

Finally, Plaintiff also states his claim is based on Defendant Roberts lack of care and concern over his injuries. However, Plaintiff never asserts he was denied medical care for his injuries. Accordingly, the Court does not consider this an independent claim.

### IV.     CONCLUSION

For these reasons, it is recommended all claims asserted against Defendant Roberts be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and said Defendant be **DISMISSED** from this matter. It is

further recommended that Plaintiff's claims asserted against Defendant Worley survive. Such claims shall be served on Defendant Worley by separate order.

**Status of Referral:   This case should remain referred.**

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 8th day of October 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE