IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAVEON SHELTON                                                                                          PLAINTIFF

v.                              Civil No. 1:24-cv-01051-SOH-BAB

JAIL ADMINISTRATOR LISA WORLEY                                                      DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss based on Plaintiff's failure to prosecute. (ECF No. 18).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I.   BACKGROUND

Plaintiff, Javeon Shelton, originally submitted this 42 U.S.C. 1983 action *pro se* on August 8, 2024 along with an application to proceed *in forma pauperis* ("IFP Application").  (ECF Nos. 1-2).  The Court provisionally filed Plaintiff's Complaint and ordered Plaintiff to supplement his IFP Application the same day.  (ECF No. 3).  In this Order, Plaintiff was specifically advised:

> Plaintiff is advised that he is required to immediately inform the Court of any change of address.  **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address** . . . **Failure to inform the Court of an address change shall result in the dismissal of this case.**

(ECF No. 3) (emphasis in original).  The Court granted Plaintiff IFP status on August 23, 2024. (ECF No. 6).

1

On March 26, 2025, Defendants filed a Motion to Dismiss pursuant to Local Rule 5.5(c)(2) for Plaintiff's failure to keep the Court apprised of his current address. (ECF No. 18). Defendants explain correspondence they sent to Plaintiff's address of record was returned as undeliverable mail. *Id.*

As the Court had no returned mail at the time Defendant filed her Motion to Dismiss, it ordered Plaintiff to communicate with the Court. (ECF No. 21). Plaintiff was ordered to respond by April 17, 2025. *Id.* This Order was sent to Plaintiff's address of record and returned as undeliverable mail on April 8, 2025. (ECF No. 22).

Plaintiff has not communicated with the Court since August 19, 2024, when he filed his supplement to IFP Application. (ECF No. 5).

## II.    DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b),

2

a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to prosecute this case and comply with the Court's Orders by failing to keep the Court apprised of his current address. However, the Court cannot determine that Plaintiff's failure is willful and dismissal with prejudice is not warranted here.

### III. CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 13th day of May 2025.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE